## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS R. JOHNSON,  )<br>           Plaintiff,  )<br>                      )<br>     v.              )<br>                      )<br>DR. MONTAG, et al.,  )<br>           Defendants. )| **C.A. No. 22-186 Erie**<br><br>**District Judge Susan Paradise Baxter**<br>**Chief Magistrate Judge Richard A. Lanzillo** |

## MEMORANDUM ORDER

Plaintiff Marcus R. Johnson, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action on June 22, 2022, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the following Defendants: Dr. Montag, a dentist who provides dental services to inmates at SCI-Forest ("Montag"); Derek F. Oberlander, SCI-Forest's Superintendent ("Oberlander"); John Wetzel, former Secretary of the Pennsylvania Department of Corrections ("Wetzel"); and Wellpath, LLC, a private medical services provider ("Wellpath"). The case was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On October 17, 2022, Defendants Montag, Oberlander, and Wetzel filed a motion to dismiss Plaintiff's complaint for failure to state a claim [ECF No. 21]. Plaintiff subsequently filed an amended complaint on December 27, 2022 [ECF No. 31], against only Defendants

Montag, Oberlander, and Wetzel.[1] In his amended complaint, Plaintiff asserts the following claims: (1) an Eighth Amendment claim against Defendant Montag for deliberate indifference to serious dental needs based upon the delay in providing Plaintiff root canal treatment for a period of four months, allegedly for non-medical reasons; (2) an Eighth Amendment claim against Defendant Oberlander for failing to intervene to prevent the delay in dental treatment; and (3) claims against Defendant Wetzel for endorsing or adopting a policy that approved the delay of necessary treatment during the COVID-19 pandemic, and for failure to properly train and/or supervise medical personnel during the coronavirus pandemic. As a result of Plaintiff's filing of an amended complaint, Defendants' motion to dismiss [ECF No. 21] was initially dismissed as moot; however, at Defendants' request, the motion was reactivated in response to the amended complaint [ECF Nos. 36, 37], and is presently pending before the Court.

On March 6, 2023, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendants' motion to dismiss be granted and that all of Plaintiff's claims be dismissed, with prejudice. [ECF No. 41]. Plaintiff has since filed timely objections to the R&R [ECF No. 44], arguing that he has alleged sufficient facts to support each of his claims and, thus, Judge Lanzillo's recommendation is in error. As an initial matter, the Court finds no error with the Magistrate Judge's finding that any delay in Plaintiff's dental treatment caused by the DOC's COVID-19 policy was neither arbitrary nor for a "non-medical reason." (ECF No. 41, at p. 9). Thus, Plaintiff's objections to the R&R's recommendation to dismiss his policy-related claims against Defendants Oberlander and Wetzel

---

[1] Plaintiff separately filed a motion for voluntary dismissal of Wellpath [ECF No. 32], which was granted by Judge Lanzillo's Order dated December 27, 2022 [ECF No. 33].

are unfounded. However, Plaintiff's objection to Judge Lanzillo's finding that Plaintiff has failed to allege facts "to demonstrate that his tooth pain constituted an emergency or required immediate intervention" warrants further consideration.

Of particular note is Plaintiff's assertion that the Magistrate Judge "failed to correctly identify and consider the magnitude of Plaintiff's factual allegations, i.e., that Plaintiff couldn't sleep and could barely eat for months as a result of his tooth condition and delayed root canal procedure." (ECF No. 44, at pp. 5-6). Indeed, the R&R does not give these allegations sufficient credence, and also fails to consider Plaintiff's further allegations that he was prescribed a "liquid diet" but never received it, despite multiple inquiries (Id. at p. 6). Such allegations of persistent pain, coupled with sleep deprivation and an inability to consume food, for a period of four months, are sufficient to demonstrate an emergent need for treatment to survive a motion to dismiss at this pleading stage.

In addition, Plaintiff objects to the Magistrate Judge's finding that "[Plaintiff's] assertion that [Defendant] Montag chose a 'less efficacious' treatment is similarly unsupported by the facts alleged in the Amended Complaint." (ECF No. 41, at p. 12). In this regard, Plaintiff points to his allegations that Defendant Montag chose to continue a course of ineffective pain medications for an additional period of two months after he had determined that a root canal was the only way to end Plaintiff's pain and suffering. Such allegations are sufficient to raise the question of whether Defendant Montag chose a "less efficacious" treatment, which can only be answered through fact discovery.

Thus, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 31st day of August, 2023;

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's amended complaint [ECF No. 21] is GRANTED as to Plaintiff's claims against Defendants Oberlander and Wetzel, and such claims are DISMISSED with prejudice, but is DENIED as to Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Montag. The report and recommendation of Chief Magistrate Judge Lanzillo, issued March 6, 2023 [ECF No. 41], is adopted in part and declined in part, as more fully noted herein.

The Clerk is directed to terminate Defendants Oberlander and Wetzel from this case.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief U.S. Magistrate Judge