IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS R. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:22-cv-186 |
| DR. MONTAG, SCI FOREST'S DENTIST, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This *pro se* civil rights action was commenced pursuant to 42 U.S.C. §1983 by Plaintiff Marcus R. Johnson, an inmate at SCI-Forest. At this juncture, Plaintiff's only remaining cause of action is his Eighth Amendment claim alleging that Dr. Montag displayed deliberate indifference to his serious medical needs by delaying a root canal procedure over the course of several months in 2020, a time period that coincided with the onset of the Covid-19 pandemic.

Defendant Montag has filed a motion for summary judgment on this claim which remains pending before the Court. ECF No. 57. It is undisputed that, during the time period in question, SCI-Forest was operating under substantial COVID-19 mitigation restrictions. Dr. Montag contends that he provided Plaintiff with medically appropriate care in the form of pain medications, antibiotics to prevent infection, and a pulpotomy. He denies that the root canal procedure was delayed for nonmedical reasons. Instead, he claims the treatment was delayed based on then-existing COVID-19 mitigation restrictions and his own professional judgment that Plaintiff's condition did not constitute an emergency. According to Dr. Montag, Plaintiff's evidence establishes nothing more than a disagreement with his treatment decisions and medical judgment.

1

The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for a Report and Recommendation ("R&R") in accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1) and Local Civil Rule 72. On August 9, 2024, Judge Lanzillo issued an R&R recommending that this Court grant Dr. Montag's motion for summary judgment. ECF No. 82. Judge Lanzillo reasoned that deliberate indifference could not be established on the existing record because the evidence would not support a finding that Dr. Montag failed to exercise his medical judgment relative to his treatment of Plaintiff's dental condition or that Dr. Montag delayed Plaintiff's root canal for nonmedical reasons.

Plaintiff has filed objections to the R&R, which this Court has reviewed in full. ECF No. 88. Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. §636(b)(1)(B)-(C); Fed. R. Civ. P. 2(b)(3). Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In his objections, Plaintiff argues at length that the pain medication Dr. Montag prescribed during the four-month delay constituted inadequate treatment. Plaintiff insists that, under Third Circuit law, he is not required to present expert testimony on this point because it should be apparent to a layperson that Dr. Montag's course of treatment violated a professional standard of care. *See* ECF No. 88 at 4 (citing *Pearson v. Prison Health Serv.*, 850 F.3d 526, 536 (3d Cir. 2017)). To that end, he disputes the Chief Magistrate Judge's conclusion that his own affidavit and those of two other inmates failed to establish a genuine issue of material fact concerning Dr. Montag's deliberate indifference. In addition, he contends that the Chief Magistrate Judge failed to consider or address a "crucial piece of evidence," ECF No. 88 88 at 5,

namely, an email from Joseph J. Silva, Director of the DOC's Bureau of Health Care Services, wherein the Director opined that Plaintiff "should have been examined by a dentist during the period of time that elapsed between April 9 and June 8, 2020." ECF No. 69-8 at 9. Plaintiff also insists that the Chief Magistrate Judge made inappropriate credibility determinations and failed to consider the severity of his symptoms, which included severe pain and an inability to sleep or consume food. In Plaintiff's view, the evidence shows that Dr. Montag so departed from accepted standards that he did not actually base his decision on his professional medical judgment. ECF No. 88 at 10.

Plaintiff also argues that Dr. Montag unnecessarily delayed his root canal procedure and opted instead for an easier and less efficacious treatment. ECF No. 88 at 11. He suggests that the Court's ruling at the Rule 12(b)(6) stage of the proceedings now precludes any inference that Dr. Montag delayed treatment based on "Covid-19 restrictions" or "pandemic protocols." *Id.* at 13. He insists that the record documents the emergent nature of his condition. *Id.* And he insists there is sufficient evidence to establish Dr. Montag's non-medical reasons for delaying treatment -- including a May 21, 2020 sick call slip, ECF No. 69-5, and a sworn declaration from Inmate Cerrone Furman, ECF No. 69-12.

Finally, Plaintiff faults the Chief Magistrate Judge for failing to give sufficient credence to evidence that, he beliefs, undermines Dr. Montag's credibility. ECF No. 88 at 16-19. He asserts, for example, that the Chief Magistrate Judge did not properly consider evidence pertaining to his request for a liquid diet and Dr. Montag's alleged failure to follow up on that request. *Id.* at 16-17. Elsewhere, he disputes Dr. Montag's representation that he (Plaintiff) submitted sick call slips "request[ing] more medication"; instead, Plaintiff states, he was complaining about the inefficacy of the mediation. *Id.* at 18. Finally, Plaintiff objects to what he

3

characterizes as improper credibility determinations and factual findings by the Chief Magistrate Judge concerning a "pulpotomy" that Dr. Montag performed during the time period at issue. *Id.* at 18-20.

Having fully considered all of Plaintiff's objections, the Court is satisfied that the Chief Magistrate Judge properly analyzed the evidence of record, consistent with the law of this judicial circuit. Further, the Court perceives no inconsistency between its denial of Dr. Montag's motion to dismiss the complaint, ECF No. 45, and the granting of summary judgment at this juncture, where the record has been more fully developed.

The Court need only make one additional observation regarding the email from Director Silva, which Plaintiff relies on as a critical piece of evidence. Although Mr. Silva opined in his email that Plaintiff should have been examined by a dentist at some point prior to June 9, 2020, Mr. Silva also went on to note that "[t]he concern of the dentist was to mitigate the potential spread of the Coronavirus within the prison and that is why he did not examine or treat Mr. Johnson during this unprecedented (in our lifetimes) timeframe." ECF No. 69-8 at 9. Mr. Silva thus denied Plaintiff's administrative grievance appeal in part, "because the dentist did respond, in the best way he felt was available, to every request made by Mr. Johnson[,]" *id.*, having prescribed "[s]everal rounds of both antibiotics and analgesic (pain relieving) medications" during the time period in question. *Id.* In other words, Director Silva recognized and credited the fact that Dr. Montag exercised his own medical judgment in delaying his examination of Plaintiff's tooth -- a fact which belies the existence of deliberate indifference. *See Gindraw v. Dendler*, 967 F. Supp. 833, 836 (E.D. Pa. 1997) ("[T]he exercise by a doctor of his professional judgment is never deliberate indifference[.]") (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990)).

4

In sum, after *de novo* review of the Complaint and documents in the case, including Defendant's motion for summary judgment and all filings related thereto, the Chief Magistrate Judge's Report and Recommendation, and the Plaintiff's objections to the R&R,

IT IS ORDERED this 21st day of July, 2025, that the Defendant's motion for summary judgment, ECF No. [57] shall be, and hereby is, GRANTED. Accordingly, the Court will enter judgment in favor of Defendant Dr. Montag, and against Plaintiff Marcus R. Johnson, with respect to Plaintiff's Eighth Amendment claim asserting deliberate indifference to his serious medical needs.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief U.S. Magistrate Judge Richard A. Lanzillo on August 9, 2024, ECF No. [82], is adopted as the opinion of this Court. Plaintiff's objection to the Report and Recommendation, ECF No. [88], are OVERRULED.

There being no additional matters pending before the Court in the above-captioned case, the Clerk is directed to mark this civil action "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge